## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Feb 22 2018, 9:04 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

APPELLANT PRO SE

Jeffrey Allen Rowe
New Castle, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Jeffrey Allen Rowe, <br> *Appellant-Plaintiff,* <br><br> v. <br><br> The Geo Group, Inc., *et al.,* <br> *Appellee-Defendant.* | February 22, 2018 <br><br> Court of Appeals Case No. <br> 33A01-1709-PL-2210 <br><br> Appeal from the Henry Circuit Court <br><br> The Honorable Kit C. Dean Crane, Judge <br><br> Trial Court Cause No. <br> 33C02-1706-PL-35 |

**Riley, Judge.**

# STATEMENT OF THE CASE

Appellant-Plaintiff, Jeffrey Allen Rowe (Rowe), appeals the trial court's dismissal of his cause for failure to make a timely payment of filing fees.

We affirm.

# ISSUE

Rowe presents us with one issue on appeal, which we restate as: Whether the trial court properly dismissed his case after Rowe failed to pay his partial filing fee.

# FACTS AND PROCEDURAL HISTORY

On June 19, 2017, Rowe, a state prisoner, filed a verified petition to waive the civil court filing fees, an affidavit of special circumstances, and a certification of inmate trust account, together with his Civil Rights Complaint pursuant to 42 U.S.C. § 1983 against The Geo Group, Inc., a case work manager, and a correctional captain. In his verified petition, Rowe requested the trial court to waive his filing fee in accordance with Ind. Code § 33-37-3-2 due to the fact that he is incarcerated and "unable to make the payments or to give security for the payments because of his indigency." (Appellant's App. p. 11). Affirming in his affidavit of special circumstances that he does not have a prison job and his "dad cannot afford to send [him] any money for a couple of months," Rowe requested a waiver of the trial court's filing fees. (Appellant's App. p. 13). On June 26, 2017, upon review of Rowe's trust account information, the trial court determined "that the average monthly deposit to [Rowe's] trust account is

$36.34." and concluded that "the Clerk may proceed with the filing of [Rowe's] pleadings upon the payment of $7.27 toward court costs." (Appellant's App. p. 6). On July 24, 2017, the trial court denied Rowe's motion for reconsideration and on September 5, 2017, dismissed Rowe's cause.

Rowe now appeals. Additional facts will be provided if necessary.

# DISCUSSION AND DECISION

Rowe contends that the trial court abused its discretion when it dismissed his cause for failure to pay the partial filing fee of $7.27. Indiana Code section 33-37-3-3 provides that, as a general rule, incarcerated persons must pay a partial filing fee, and provides, as follows:

> (a) When an offender confined by the department of correction commences an action or proceeding without paying fees or other court costs under section 2 of this chapter, the offender shall obtain from the appropriate official of the correctional facility or facilities at which the offender is or was confined a certified copy of the prisoner's trust fund account statement for the six (6) months immediately preceding submission of the complaint or petition. The offender shall file the trust fund account statement in addition to the statement required under section 2 of this chapter.

> (b) The offender shall pay a partial filing fee that is twenty (20%) of the greater of:

>> (1) The average monthly deposits of the offender's account; or

>> (2) The average monthly balance in the offender's account;

for the six (6) months immediately preceding the filing of the complaint or petition. However, the fee may not exceed the full statutory fee for the commencement of actions or proceedings.

(c) If the offender claims exceptional circumstances that render the offender unable to pay the partial filing fee required by this section, in addition to the statement required by section 2 of this chapter and the statement of account required by subsection (a), the offender shall submit an affidavit of special circumstances setting forth the reasons and circumstances that justify relief from the partial filing fee requirement.

(d) If the court approves the application to waive all fees, the court shall give written notice to the offender that all fees and costs relating to the filing and service will be waived. If the court denies the application to waive all fees, the court shall give written notice to the offender that the offender's case will be dismissed if the partial filing fee is not paid not later than forty-five (45) days after the date of the order, or within an additional period that the court may, upon request, allow. Process concerning the offender's case may not be served until the fee is paid.

[7] After review of Rowe's trust account, the trial court found that no special circumstances were present, and calculated that Rowe was required to pay a partial filing fee of $7.27. In accordance with the statute, the trial court gave Rowe until August 10, 2017 to pay the partial filing fee. Rowe now claims that the trial court violated his Fourteenth Amendment Right to due process and equal protection "by conditioning his right to access the courts on an initial partial filing fee[.]" (Appellant's Br. p. 10). The Fourteenth Amendment to the United States Constitution prohibits the states from denying "to any person

within its jurisdiction the equal protection of the laws." U.S. CONST. AMEND. XIV § 1. To establish a *prima facie* case of violation of a person's equal protection rights, a plaintiff must show that "he or she is a member of a protected class, that he or she is otherwise similarly situated to members of the unprotected class, and that he or she was treated differently from members of the unprotected class." *Dickson v. Aaron*, 667 N.E.2d 759, 763 (Ind. Ct. App. 1996) (quoting *Sims v. Mulcahy*, 902 F.2d 524, 538 (7th Cir. 1990), *cert. denied*, 498 U.S. 897 (1990)), *trans. denied*. "Moreover, a plaintiff alleging a violation of the equal protection clause must not only establish that he was treated differently, but he must also establish that the defendants acted with discriminatory intent." *Id*. In his appellate brief, besides making some very generalized allegations, Rowe failed to establish that the trial court treated him differently from any other prisoner who seeks access to the court. Accordingly, we conclude that the trial court did not abuse its discretion by dismissing his claim.

## CONCLUSION

[8] Based on the forgoing, we hold that the trial court properly dismissed Rowe's cause upon failing to pay his partial filing fee.

[9] Affirmed.

[10] Baker, J. and Brown, J. concur